IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRANDON SUMLIN et al., ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | Case No. CIV-20-77-D |
| EXPRESSWAYS RENTAL ) | |
| PROPERTIES, LLC, ) | |
| ) | |
| *Defendant*. ) | |

**O R D E R**

Before the Court is the parties' Joint Motion to Approve FLSA Settlement [Doc. No. 11][1]. The Court has reviewed the Joint Motion and Settlement Agreement [Doc. No. 12]. The Court finds that the litigation involves a bona fide dispute and the proposed attorneys' fee award is reasonable. The Settlement Agreement, however, contains a confidentiality provision that cannot stand.

In approving a Fair Labor Standards Act ("FLSA") settlement agreement, the Court must assess whether the "(1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned, and (3) the proposed settlement contains a reasonable award of attorney's fees." *Prim v. Ensign United States Drilling, Inc.*, No. 15-cv-02156-PAB-KMT, 2017 WL 3641844, *3 (D. Colo. Aug. 24, 2017).

---

[1] The parties note that the district courts in this circuit are split as to whether Court approval of an FLSA settlement is required. *See* Motion at 1 n.1 (collecting cases). The Court is persuaded by the Second Circuit's analysis in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), and Judge Russell's subsequent application in *Davis et al., v. South Park Health Care, LLC, et al.*, CIV-18-594-R [Doc. No. 27]. The Court will accordingly review the Settlement Agreement.

A bona fide dispute is apparent from the parties' filing. Plaintiffs allege to have performed work without compensation because they were not paid for certain work during off-hours emergency calls, and further, that they were denied proper overtime compensation. Moreover, disputes arose as to whether liquidated damages were owed under the FLSA. Motion at 4, 6. The parties' submission fulfills the first requirement for approval.

The Court must consider whether the settlement is fair and equitable to all parties concerned. Here the Settlement Agreement contains a confidentiality provision barring Former Employees from discussing the terms of the Settlement Agreement. Though the provision is narrowly drawn, the Court finds it cannot stand.

The FLSA was intended to protect employees from employers who wield greater power. Mindful of the underlying purposes of the Act, courts have repeatedly held that confidentiality provisions are improper. *See, e.g., Dees. v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1242 (M.D. Fla. 2010); *Koehler v. Freightquote.com, Inc.*, No. 12-2505-DDC-GLR, 2016 WL 1403730 at *10 (D. Kan. April 11, 2016) ("The Court cannot approve an FLSA settlement that imposes a confidentiality clause); *Hoffman v. Poulsen Pizza LLC, et al.*, No. 15-2640-DDC-KGG, 2016 WL 2848919 at *3 (D. Kan. May 16, 2016) ("It is well-settled that...a confidentiality provision in an FLSA settlement agreement 'contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights.' ").

Given the precedent that exists, the Court will not approve a settlement agreement with such confidentiality provisions, nor would it contemplate under any circumstance

approval of the language of paragraph 6.1–6.2 in the involved agreement. *See Davis et al.*, CIV-18-594-R [Doc. No. 27]. If the parties are unable to resolve the case without including the provisions set forth in paragraph 6 they should so inform the Court and the case will be set for status conference.

Finally, the Court concludes that the attorneys' fees sought in the case are reasonable. The hours expended on this case are claimed at a below-normal hourly rate of $153.42. The parties agreed to $27,750.00 in fees to settle this litigation. The Court finds that the amount sought herein is reasonable, and therefore will be approved contingent upon removal of the confidentiality provisions from the Settlement Agreement.

For the reasons set forth herein, the Joint Motion to Approve FLSA Settlement [Doc. No. 11] will be held in abeyance for 21 days. This will permit the parties to consider whether the settlement may proceed in the absence of the confidentiality provisions set forth in paragraph 6 and its subsections. If the parties can agree to such terms they should submit a supplemental filing under seal and provide the Court with a copy of the amended settlement agreement.

If the parties are unable to proceed with settlement under these terms they should notify the Court, and the case may proceed in the normal course.

**IT IS SO ORDERED** this 26th day of February, 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge